J-S07044-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINIC O. ROACH | : | |
| | : | |
| Appellant | : | No. 1260 MDA 2025 |

Appeal from the PCRA Order Entered June 25, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0006318-2017

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: APRIL 10, 2026**

Appellant, Dominic O. Roach, appeals *pro se* from the June 25, 2025 order denying, as untimely, his second petition under the Post Conviction Relief Act (PCRA) 42 Pa.C.S. §§ 9541-46.  After review, we affirm.

A lengthy recitation of the background of this matter is not necessary to our disposition.  Briefly, a prior panel of this Court summarized the relevant facts and procedural history as follows:

> A three-day jury trial commenced on September 10, 2018.  The jury found Appellant guilty of two counts each of involuntary servitude, trafficking in individuals (recruit/entice/solicit), trafficking in individuals (financial benefit), promoting prostitution (controlling prostitution business), promoting prostitution (encouraging prostitution), promoting prostitution (procuring prostitution), promoting prostitution (transporting), living off prostitutes, and one count each of criminal conspiracy and witness intimidation.[FN3]]  The trial court ordered a pre-sentence investigation (PSI) report.  On November 20, 2018, the trial court imposed an aggregate sentence of eighteen to thirty-six years of

incarceration. Appellant filed a post-sentence motion, which the trial court denied.

[FN3] 18 Pa.C.S. §§ 3012(a), 3011(a)(1), 3011(a)(2), 5902(b)(1), 5902(b)(3), 5902(b)(5), 5902(b)(6), 5902(d), 903(c), and 4952(a)(3), respectively.

On January 9, 2019, Appellant timely filed a direct appeal to the Superior Court, in which he challenged an evidentiary ruling and discretionary aspects of his sentence. On February 10, 2020, the Superior Court issued a decision affirming Appellant's conviction and sentence. *See Commonwealth v. Roach*, 88 MDA 2019, 2020 WL 618574, at *1 (Pa. Super. filed February 10, 2020) (unpublished memorandum).

*Commonwealth v. Roach*, 1334 MDA 2022, 2023 WL 6972401, at *1 (Pa. Super. filed October 23, 2023) (unpublished memorandum) (some brackets omitted). Appellant filed a petition for allowance of appeal to our Supreme Court, which was denied on December 29, 2020. *Commonwealth v. Roach*, 387 MAL 2020, 2020 WL 7706231 (Pa. 2020).

Thereafter, Appellant filed a timely PCRA petition, which was denied by the PCRA court on September 1, 2022, and Appellant filed an appeal to this Court. On October 23, 2023, this Court affirmed the order denying PCRA relief, and our Supreme Court denied allowance of appeal. *Roach*, 2023 WL 6972401, *appeal denied*, 70 MAL 2024, 2024 WL 3248592 (Pa. 2024).

On January 13, 2025, Appellant filed a second PCRA petition, which underlies this appeal. Appellant requests that certain of his convictions be merged for sentencing purposes. Second PCRA Petition, 1/13/25, at 1-3 (unnumbered). On March 4, 2025, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss. In response, Appellant filed a series of pleadings with the PCRA court: an "Amended *pro se* Petition for Post Conviction

Collateral Relief" (filed on March 11, 2025); a [*pro se*] "Reply to Notice to Dismiss Pa.R.Crim.P. 907" (filed on March 20, 2025); and a [*pro se*] "Reply to Commonwealth's Response to Dismiss as Untimely" (filed on March 24, 2025).

On April 1, 2025, the PCRA court issued a second Rule 907 notice of intent to dismiss explaining that Appellant had failed to plead and prove the applicability of the PCRA's timeliness exceptions. Appellant thereafter filed a response to the PCRA court's Rule 907 notice as well as a document captioned "Motion to Add Additional Argument to his Timely Filed Response to Dismiss Claim." Following review of these filings, on June 25, 2025, the PCRA court issued an order denying the instant petition. Order, 6/25/2025.

Appellant filed a timely notice of appeal.[1] Both the PCRA court and Appellant complied with Pa.R.A.P. 1925. In his Rule 1925(b) statement Appellant raises a single claim of error, which we reproduce verbatim:

> APPELLANT MR. ROACH CLAIMS GOVERNMENTAL INTERFERENCE BY THE COMMONWEALTH, PROSECUTION COMMITTED A BRADY AND NAPUE VIOLATION WAS TIMELY FILED WITHIN THE ONE YEAR OF FEB, 2025, AND THE COMMONWEALTH FAILED TO PRODUCE THE PLEA AGREEMENT WAS SUPPRESSED AND COUNSEL WAS IN INEFFECTIVE OF HIS 6th & 14th AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ART. I SECTION 9

_____

[1] Although it appears that Appellant's appeal is untimely, the court docket entry for the June 25, 2025 order does not indicate service on Appellant. "Where the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely." **Commonwealth v. Midgley**, 289 A.3d 1111, 1117 (Pa. Super. 2023).

OF THE PENNSYLVANIA CONSTITUTION. AND APPELLANT IS INNOCENCE AND A MISCARRIAGE OF JUSTICE HAS OCCURRED.

Rule 1925(b) Statement, 10/3/25.[2]

Although this issue lacks clarity, we discern Appellant's claim to be that his accomplice, Tonya Henson, pled guilty under the same facts, and that the Commonwealth withheld from Appellant knowledge of the plea deal in violation of **Brady v. Maryland**, 373 U.S. 83 (1963) and **Napue v. Illinois**, 360 U.S. 264 (1959). Appellant claims that failing to disclose the plea amounts to governmental interference within the ambit of 42 Pa.C.S. § 9545(b)(1)(i), and, as a result, Appellant was denied the opportunity to impeach Henson in violation of his due process rights.[3] **See id.**; Appellant's Brief at 11-12.

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. **See Commonwealth v. Wharton**, 263 A.3d

---

[2] Although Appellant purports to argue additional issues in his appellate brief, he raised only one issue in his Rule 1925(b) statement; thus, any additional issues are waived on appeal. **See Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (stating "[i]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived").

[3] We note that Appellant's Rule 1925(b) statement raises a claim of ineffective assistance of counsel. "As we have previously and repeatedly explained, a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." **Commonwealth v. Morris**, 573 Pa. 157, 175, 822 A.2d 684, 694-695 (2003) (citations omitted).

- 4 -

561, 567 (Pa. 2021). As the timeliness of a PCRA petition is a jurisdictional prerequisite, however, we must first address that issue. *See Commonwealth v. Ballance*, 203 A.3d 1027 (Pa. Super. 2019).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Ballance*, 203 A.3d at 1031 (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 5 -

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). If a PCRA petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the petitioner's underlying claims. ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016).

For purposes of the PCRA, Appellant's judgment of sentence became final on March 29, 2021, 90 days after our Supreme Court denied review of this Court's decision affirming Appellant's judgment of sentence, and the time for filing a petition for writ of certiorari in the Supreme Court of the United States expired. *See* 42 Pa.C.S.A. § 9545(b)(3) ("For purposes of [post conviction relief], a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); U.S. Supreme Ct. Rule 13(1) (allowing 90 days to file petition for writ of certiorari).

Accordingly, Appellant had one year from his judgment of sentence, or until March 29, 2022, to file a timely PCRA petition unless Appellant could plead and prove an exception to the PCRA time bar. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). There is no dispute that Appellant's petition was facially

untimely, as it was filed on January 13, 2025. Therefore, Appellant was required to plead and prove one of the enumerated exceptions to the PCRA's time bar. *Ballance*, 203 A.3d at 1031 (citing 42 Pa.C.S. § 9545(b)(1)(i)-(iii)).

The PCRA court addressed this issue as follows:

> [Appellant] states that he did not discover that Ms. Henson allegedly lied under oath about a plea agreement until February 2025. To the extent that [Appellant] offers this information in connection with the "governmental interference" exception, 42 Pa.C.S.A. § 9545(b)(1)(i), [Appellant] still fails to establish the applicability of the exception. Ms. Henson pled guilty on November 26, 2018, and [Appellant] has again failed to explain why he could not have obtained the information about Ms. Henson's plea agreement earlier with the exercise of due diligence, which is fatal to his claim that he should be afforded relief under the "governmental interference" exception. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) ("Although a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence.")

Order, 6/25/25, at 3 fn. 1.

We further note that when Appellant filed his first PCRA petition, PCRA counsel filed a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In that no-merit letter, attached to his Petition To Withdraw as Counsel, Appellant was made aware that his accomplice Henson received a more lenient sentence. PCRA counsel described this matter to Appellant as follows:

> The Superior Court found one aspect of your sentencing claim waived—your claim that the judge [exacted] a trial penalty. The only fact that arguably supports that is that Tonya received a comparatively light sentence. Generally, codefendants are similarly situated and should receive similar sentences. A defendant who stands trial, however, is not similarly situated to one who pleads guilty. ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2016) Despite the fact that Tonya—your codefendant—received a significantly lighter sentence than you did, your trial counsel is not ineffective on appeal. There is no indication that the trial court actually exacted a trial penalty because there is no similarly situated codefendant to compare your sentence to. ***See Moury***, 992 A.2d at 171 (a codefendant who enters a plea is not similarly situated to one who stands trial).

Petition To Withdraw, 3/9/22, Exhibit A at 7-8 (certain citations omitted).

Because the record reflects that Henson entered her guilty plea on November 26, 2018, and that, in 2022, Appellant was made aware that Henson received a lenient sentence, we agree with the PCRA court that Appellant has failed to explain why he could not have obtained this information underlying his ***Brady***/government interference claim sooner through the exercise of due diligence. We further agree with the PCRA court that this failure is fatal to his ability to establish an exception to the time bar. ***See*** Order, 6/25/25, at 3 fn. 1 (quoting ***Abu-Jamal***, 941 A.2d at 1268). Because Appellant did not meet his burden to plead and prove that one of the timeliness exceptions is applicable, we agree with the PCRA court that Appellant's petition was untimely, and as such, we lack jurisdiction to consider the merits of the petition. ***See Ballance***, 203 A.3d at 1031 (stating "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition"); ***Albrecht***, 994 A.2d at 1094 (providing that the burden is on the petitioner to plead and

- 8 -

prove that one of the timeliness exceptions applies). Accordingly, we affirm the order denying Appellant's second PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/10/2026